UNITED STATES of America, Plaintiff,

v.

**20.00 ACRES OF LAND, MORE OR LESS, SITUATED IN the COUNTY OF PORTER, STATE OF INDIANA, and Dorothy P. Slagle, et al., and Unknown Owners, Defendants.**

**No. H 77–0145.**

United States District Court,
N. D. Indiana,
Hammond Division.

April 23, 1981.

Richard L. Kieser, U. S. Atty., South Bend, Ind., for plaintiff.

Edgar D. Crumpacker, Kailua-Kona, Hawaii, for defendants.

Owen W. Crumpacker and Mary Eleanor N. Crumpacker, pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This action was filed by the United States in May, 1977, to condemn Tract 02–157 pursuant to the creation of the Indiana Dunes National Lakeshore. The complaint listed Dorothy Slagle as the purported owner of the tract, and named various members of the Crumpacker clan as possible interested parties. Thereafter, two branches of the Crumpacker family—the western Crumpackers, represented by E. D. Crumpacker, and Owen and Mary Eleanor Crumpacker, from Indiana—filed conflicting claims to the land. The government has deposited with the Clerk of the Court $20,200.00, the amount that Slagle provisionally had accepted as just compensation for the land. On May 6, 1977, Judge Phil M. McNagny, Jr., who previously presided over this action, awarded the government the right to take the land. That order, however, failed to resolve two issues that remain before the Court: (1) who, among the defendants herein, had ownership rights in the land and thus is entitled to just compensation; and (2) what amount is just compensation for Tract 02–157.

The question of ownership as among the various defendants seems to have been settled by the decision in *Pierce v. Cuprisin*, 16137 S (Porter Circuit Court, November 13, 1980). There, the Indiana court found that the 1952 tax sale at which Pierce, Slagle's predecessor in interest, had purchased Tract 02–157 was invalid, but that Slagle had a lien on the land in the amount of $7,136.94. The court further found that Mary W. Crumpacker, Owen's mother, had obtained ownership of the land by satisfying the lien amount in a timely fashion. Since Mary conveyed her interest in Tract 02–157 to Owen and Mary Eleanor by quitclaim deed, the court concluded that Owen and Mary Eleanor alone hold title to Tract 02–157. The court specifically decreed that neither the western Crumpackers nor Slagle have any interest in Tract 02–157. Accordingly, based on this state court opinion, the Court is inclined to find that Owen and Mary Eleanor Crumpacker are the rightful owners of this land and thus are the parties entitled to just compensation. If any of the parties object to this proposed finding, they should make their views known on or before May 1, 1981, in memoranda not to exceed five pages in length. Owen and Mary Eleanor may respond to any such objections on or before May 8, 1981. As soon as the Court enters an order determining ownership, it will distribute the $20,200.00 currently held by the Clerk of the Court. *See* Fed.R.Civ.P. 71A(c)(2), (j).

As to just compensation, the Court notes that the government has requested, as it may under Rule 71A(h), a jury trial. Ac-

cordingly, the Court orders that this case be tried before a jury on Monday, June 15, 1981, at 10:00 a. m. in Courtroom 1946 at 219 South Dearborn Street, Chicago, Illinois. In preparation for this trial, the parties are ordered to submit a joint proposed pretrial order to this Court on or before June 1, 1981.[1] Inasmuch as this action has been pending for four years, the Court believes that this timetable provides the parties with ample time to make final preparations for trial. Accordingly, the Court advises the parties that this is a firm trial date not subject to extension. It is so ordered.

---

1. Attached to this opinion is the model pretrial order form used by this Court. The parties are instructed to adopt those portions of the form applicable to the instant case.